Nash, J.
 

 The defendant, Wright, has filed no answer. The bill is taken
 
 pro confesso
 
 ; and, as to her, the case is to be heard upon the bill. The defendant, Gilbert, demurs : First, because of want of equity bn the face of the bill, entitling the plaintiffs to any relief against him ; secondly, for multifariousness; and, thirdly, for want of proper parties. A demurrer, has been defined to be, an allegation on the part of the defendant, which, admitting the matters of fact, as stated in the bill, to be true, shows that, as they are therein set forth, they are insufficient for the plaintiff to proceed upon, or to oblige the defendant to answer. It
 
 *230
 
 therefore confesses the máfters of fact, which are well pleaded; to be true, as alleged in the title. Cooper’s Eq. PL 110. The facts, as set forth in this bill, are as follows: The plaintiffs are merchants, doing business in the city of New York: and the defendant, Gilbeit, resides in the town of Wilmington, North Carolina. The latter applied to the former to purchase of them a quantity of goods, upon credit; and in order to induce them to comply with his request, represented himself as owning a valuable house and lot in the town of Wilmington, which he would con* vey to them as security for the payment oí the goods. Being unacquainted with the defendant, or his circumstances, they referred the matter, with the consent of Gilbert, to their Attorney in Wilmington, to ascertain the validity of his title to the house and lot. To his attorney the defendant exhibited a deed of bargain and sale from the other defendant, who is his mother-in-law, fully executed and attested, but not proved or registered. Gilbert retained the deed in’ his hands, for the purpose, and under a promise, to have it duly registered. The goods were furnished, and the defendant, Gilbert, executed a mortgage to the plaintiffs for the premises. As additional security, Gilbert endorsed, and transferred to the plaintiffs, with the knowledge and consent of the defendant, Sarah Wright, a policy of insurance, which she had before that time taken out, and which she had transferred to him. Upon the expiration of the stipulated credit, Gilbert having failed to make any payments, the premises were advertised for sale by the agent of the plaintiffs : and, on the day of sale, Mrs Wright, by her agent, forbade the sale, claiming the property. The sale proceeded, and the house, and lot were bid off for her. The agent of the plaintiffs refusedto ratify the sale,because of the fraud : and again advertised the property for sale, one of the conditions being, that the purchaser should give a note at Bank, with good and sufficient sureties, within a
 
 *231
 
 limited time, or the title should be made to the next highest bidder. At this sale, the property was bid off by a -person calling himself John Hobson ; but no man of that name is known in the town of Wilmington, nor has any person claimed his bid. On the expiration of the time limited, a conveyance was made to John Dawson, who was the next highest bidder, and who had acted as the agent of the plaintiffs in the sale, and who immediately transferred or conveyed the premises to them. The conveyance, from Sarah Wright to John Gilbert, has never been registered, and is still in the possession, if in existence, of one of the defendants. None of these facts are denied by the defendants; and if they do not constitute a case demanding the interference of a Court of Equity, fraud the most open and glaring never can. The bill does, upon its face, set forth a sufficient equity in the plaintiffs, to entitle them to relief.
 

 The second cause of demurrer, is, that the bill is multifarious. A bill is mul tifarious, wher.e several plaintiffs demand, by one bill, several matters, entirely' distinct and separate, or where, in the same bill, several matters of distinct natures, are demanded against different defendants : but, where all the matters charged, constitute but one whole transaction, then the bill is not multifarious: and all the parties, mixed up in the transaction, and having an interest in the subject matters, must be made parties, to avoid multiplicity of suits. This bill is not multifarious in any sense. The matters set forth all constitute parts of one transaction.
 

 The third cause of demurrer, is, that John Dawson is not a party. He was the agent of the plaintiffs, to bid for them, in order to save their debt. The form was gone through of making a conveyance to him, and he immediately conveyed to the plaintiffs. Dawson had no interest whatever in the matter.
 

 
 *232
 
 The demurrer is over-ruled, with costs, and the cause remanded.
 

 Let it be so declared.
 

 Per Curiam. Decree accordingly.